RAÚL R. LABRADOR
ATTORNEY GENERAL

Lincoln Davis Wilson, ISB #11860
Chief of Civil Litigation and
Constitutional Defense

Brian V. Church, ISB #9391
Timothy J. Longfield, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF IDAHO**

| | |
|---|---|
| THE SATANIC TEMPLE,<br><br>       Plaintiff,<br><br>v.<br><br>RAUL LABRADOR, in his capacity as the Attorney General of Idaho; and JAN M. BENNETTS, in her capacity as Ada County Prosecutor, and the State of Idaho,<br><br>       Defendants. | Case No. 1:22-cv-411<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS** |

**INTRODUCTION**

The Satanic Temple premises a series of outlandish constitutional claims on its radical and ghastly view that an unborn child can be "removed on demand and without guilt at any time and for any reason before viability." Dkt. 30 at 13. Those constitutional claims clearly fail because motherhood does not give rise to a Fifth Amendment takings claim; it is not involuntary servitude under the Thirteenth Amendment; nor does it deprive women of Equal Protection under the Fourteenth Amendment. These claims have no legal support and fail as a matter of law. And the Satanic Temple's state-law religious liberty claims—which its response does not even address—should be additionally dismissed as conceded.

But the Court cannot even reach these novel claims because the Satanic Temple does not have standing to sue. Its speculative allegations about unidentified women and the New-Mexico-based "Samuel Alito's Mom's Satanic Abortion Clinic" fail to satisfy its burden. The standing defects are straightforward and fatal under binding precedent. Accordingly, the Complaint also fails for lack of jurisdiction.

**ARGUMENT**

**I.     The Satanic Temple lacks standing.**

The Satanic Temple does not dispute that the State of Idaho is immune to its attempt to sue it in federal court. *See generally* Dkt. 30. But it attempts to salvage its case against other defendants through two theories of standing on behalf of its members (associational standing) and two theories of standing in its own right (organizational standing). *See Rodriguez v. City of San Jose*, 930 F.3d 1123, 1134 (9th

REPLY IN SUPPORT OF MOTION TO DISMISS – 1

Cir. 2019); *Warth v. Seldin*, 422 U.S. 490, 511 (1975). Each falls short of the "irreducible constitutional minimum" of standing: injury in fact, causation, and redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

### A. The Satanic Temple lacks associational standing.

A plaintiff can't sue on behalf of its members without identifying them. *Summers v. Earth Island Inst.*, 555 U.S. 488, 497–99 (2009). The Supreme Court's standing cases "have required plaintiff-organizations to make specific allegations establishing that at least one *identified* member had suffered or would suffer harm." *Id.* at 498 (emphasis added); *see also Associated Gen. Contractors of Am., San Diego Chapter, Inc. v. Cal. Dep't of Transp.*, 713 F.3d 1187, 1194–95 (9th Cir. 2013). "[S]tatistical probabilities" have "never" dispensed with "[t]he requirement of naming" at least one "affected member[.]" *Summers*, 555 U.S. at 498–99.

The Satanic Temple does not identify any of its members, but rather tries to show that, statistically, one of its members could be injured in the future. *See* Dkt. 32 ¶¶ 6–12. This is the very method the Supreme Court called a "mockery of [its] prior cases." *Summers*, 555 U.S. at 498. That defective argument fares no better here.

Nor can the Satanic Temple rely on *National Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015), which purports to sidestep the member identification rule if "it is relatively clear, rather than merely speculative, that one or more members have been or will be adversely affected by a defendant's action." *Id.* Even

apart from the fact that *La Raza* "is in tension with *Summers*" and other Ninth Circuit precedent, *California Restaurant Association v. City of Berkeley*, 65 F.4th 1045, 1063 (9th Cir. 2023) (Baker, J., concurring), this is not a "relatively clear" case where it would apply. The Satanic Temple purports to sue on behalf of women who wish to use its newly formed "Samuel Alito's Mom's Satanic Abortion Clinic"—located in New Mexico[1]—but it only speculates that any of its Idaho members would seek to use its clinic. The Satanic Temple has submitted declarations from persons with "assumed names," but none are from Idaho members allegedly injured by Idaho law. This is unsurprising since the offensively named abortion clinic didn't exist when this lawsuit was filed and is located hundreds of miles away. Compare Dkt. 1 (original complaint) *with* Dkt. 15 ¶¶ 17–22, 25 (amended complaint). Ms. Helian's declaration confirms the speculative nature of the allegation: she says that since the Satanic Temple's Clinic "became operational," it "has received hundreds of inquiries from TST members about its services"—noticeably absent, however, is any allegation regarding inquiries from Idaho members. Dkt. 31 ¶ 21. The Satanic Temple's failure to tie any alleged injury to Idaho underscores the lack of injury and the guesswork it is asking this Court to engage in. But guesswork is no ground for an exception to the name-a-member rule. *Summers*, 555 U.S. at 497–99; *Clapper*, 568 U.S. at 413.

Even apart from the Satanic Temple's failure to name an injured member, it lacks associational standing because it does not show that its members have standing

---

[1] https://tinyurl.com/4t4njses

to sue in their own right. *See Hunt v. Wash. State Advert. Comm'n*, 432 U.S. 333, 343 (1977). The Satanic Temple's physician declaration asserts—again based on statistical likelihood—that a few of Plaintiff's members will become pregnant due to failed birth control each year. But as noted above, it never shows that any of these women would (1) obtain an abortion and (2) use the Samuel Alito's Mom's Satanic Abortion Clinic for that abortion. Nor do the Satanic Temple's members have standing because they find Idaho's protection of unborn life "deeply offensive." Dkt. 30 at 14. Offense "produced by observation of conduct with which one disagrees" is not "an injury sufficient to confer standing." *Valley Forge Christian Coll. v. Americans United for Separation of Church and State*, 454 U.S. 464, 485–86 (1982) (cleaned up). Were it otherwise, federal courts would "possess a roving commission to publicly opine on every legal question" antithetical to "their proper function." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (citation omitted).

    **B.**    **The Satanic Temple lacks organizational standing.**

Neither can the Satanic Temple establish organizational standing. Its theory of standing as a "prescriber of Abortifacients" is hopelessly speculative. *See* Dkt. 30 at 9. The purported chain of injury for the Satanic Temple's theory runs as follows:

- some of its members will become pregnant due to failed birth control;
- and some of those women will wish to obtain an abortion;
- and some of ***those*** women will perform the Satanic Abortion ritual through the services of the Satanic Temple's clinic;
- the medical professionals Plaintiff hired will obtain Idaho medical licenses;

REPLY IN SUPPORT OF MOTION TO DISMISS – 4

- and the Satanic Temple wants to give Idaho women abortifacients so they can perform the Satanic Abortion ritual and hired medical professionals to do so;
- but Idaho's abortion laws prevent the Satanic Temple from doing so.

Dkt. 30 at 9–11; Dkt. 32 ¶¶ 5–12; Dkt. 31 ¶¶ 16–25.

This theory of standing is too speculative to establish an injury-in-fact, which must be "actual or imminent, not conjectural or hypothetical." *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (citation omitted). The Supreme Court has "repeatedly reiterated that threatened injury must be *certainly impending* to constitute injury in fact, and that allegations of *possible* future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (cleaned up). Yet the Satanic Temple's "prescriber of Abortifacients" standing theory "relies on" several "highly attenuated chain[s] of possibilities" and "does not satisfy the requirement that threatened injury must be certainly impending." *Id.* at 410.

No injury will occur to Plaintiff unless (1) the Satanic Temple's providers become licensed in Idaho—a necessary step that neither the Satanic Temple nor any of its declarants allege is underway or even planned; (2) some of TST's members become "involuntarily pregnant" due to failed birth control; (3) some of these women choose to abort their child; and (4) some of *these* women select the Satanic Temple's clinic to perform the abortion, rather than some other abortion provider. Dkt. 30 at 10. Because this "causal chain involves numerous third parties whose independent decisions collectively have a significant effect on plaintiffs' injuries," it is "too weak to support standing." *Native Vill. of Kivalina v. ExxonMobil Corp.*, 696 F.3d 849, 867

REPLY IN SUPPORT OF MOTION TO DISMISS – 5

(9th Cir. 2012) (cleaned up).

The Satanic Temple tries to save this theory with a back-of-the-napkin statistical projection that "dozens of TST members in Idaho ... currently are or [will] be Involuntarily Pregnant Women." Dkt. 30 at 11; *see also* Dkt. 32 ¶ 12. But the Supreme Court has said that statistical projection can't establish an injury-in-fact. *Summers*, 555 U.S. at 498–500. And even if one accepts Plaintiff's statistical "guesswork," it's pure conjecture that any of these women will *get an abortion*, much less an abortion through the Satanic Temple's clinic, rather than through some other abortion provider. *Clapper*, 568 U.S. at 413. "[W]here the causal chain involves numerous third parties whose independent decisions collectively have a significant effect on plaintiffs' injuries, ... the causal chain is too weak to support standing." *Native Vill. of Kivalina*, 696 F.3d at 867 (cleaned up). The many weak links in this causal chain doom both the proof of injury-in-fact and the related requirements of causation and redressability. *See, e.g.*, *Wash. Env't Council v. Bellon*, 732 F.3d 1131, 1146 (9th Cir. 2013). On top of this, federal law bars the Satanic Temple from mailing any "article, instrument, substance, drug, medicine, or thing" that produces "abortion." 18 U.S.C. § 1461. So even if every speculative action in the causal chain occurred, the Satanic Temple still couldn't send abortifacients to women in Idaho. That means its injury is neither "fairly traceable" to Idaho nor redressable by this Court. *Clapper*, 568 U.S. at 414; *Lujan*, 504 U.S. at 568.

The Satanic Temple's theory of harm through diversion of resources also fails because any diversionary harm it suffers is self-inflicted. Dkt. 30 at 12; Dkt. 31 ¶ 4.

An organization has standing if "it suffered both a diversion of its resources and a frustration of its mission," but it "cannot manufacture the injury by incurring litigation costs or simply choosing to spend money fixing a problem that otherwise would not affect the organization at all." *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1088 (9th Cir. 2010) (cleaned up). Here, the Satanic Temple opened its clinic to do precisely what Idaho law forbids, creating a problem "that otherwise would not affect" Plaintiff at all. *Id.*; *see also Twitter, Inc. v. Paxton*, 56 F.4th 1170, 1175–76 (9th Cir. 2022) (finding no injury where Twitter voluntarily incurred costs to respond to a civil investigative demand). Nor did Idaho cause that injury and the relief requested will not redress it—the Satanic Temple admits it opened the clinic to respond to several states' abortion bans, not just Idaho's. *See* Dkt. 30 at 12; Dkt. 31 ¶ 20; *see also The Satanic Temple v. Rokita*, No. 1:22-cv-01859-JMS-MG (S.D. Ind. 2023), Dkt. 21 ¶¶ 19–25 (claiming the Samuel Alito's Mom's Abortion Clinic gives the Satanic Temple standing to challenge *Indiana* abortion law). This Court should reject the Satanic Temple's attempt to manufacture standing to challenge Idaho law by opening an abortion clinic in New Mexico.

## II. The Satanic Temple fails to plead a plausible claim for relief.

### A. Protecting unborn life isn't a Fifth Amendment Taking.

The Satanic Temple focuses on its Takings Clause claim. Dkt. 30 at 15–22. The Takings Clause provides that "private property [shall not] be taken for public use, without just compensation." U.S. CONST. amend. V. Since the Takings Clause does not define "property," *Phillips v. Washington Legal Foundation*, 524 U.S. 156,

REPLY IN SUPPORT OF MOTION TO DISMISS – 7

164 (1998), courts "draw[] on existing rules or understandings about property rights" to give content to the Clause. *Tyler v. Hennepin Cnty., Minn.*, No. 22-166, 2023 WL 3632754, at *4 (U.S. May 25, 2023) (cleaned up). Courts thus look to state law, "traditional property law principles," historical practice, and Supreme Court precedent. *Id.*; *see also Phillips*, 524 U.S. at 165–68.

None of these guides supports the view that a pregnant woman's "uterus" is property taken by the State unless she is permitted "to reclaim it by abortion." Dkt. 30 at 16. To the contrary, they show that the Anglo-American legal tradition has consistently viewed abortion as a crime—not as a property right. *See Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228, 2249 (2022). The common law viewed life as "the immediate gift of God, a right inherent in every individual." 1 Sir William Blackstone, *Commentaries on the Laws of England: The Rights of Persons*, bk. 1, ch. 1, at 125.[2] Idaho law has also treated unborn life as worthy of protection and endowed with distinct rights. It has never recognized a property right for a woman to abort a child. *Tyler*, 2023 WL 3632754, at *5. Before *Roe*, "abortion had been a criminal offense in Idaho for more than 100 years." *Planned Parenthood Great Nw. v.* State, 171 Idaho 374, 522 P.3d 1132, 1149 (2023). Likewise, "during the 19th century, the vast majority of the States enacted statutes criminalizing abortion at all stages of pregnancy." *Dobbs*, 142 S. Ct. at 2252, 2351–54 (App. A listing 19th century state

---

[2] Yale Law School, *The Avalon Project*, https://tinyurl.com/k67xs8ju.

abortion laws). By 1868, when the Fourteenth Amendment was ratified, "three-quarters of the States, 28 out of 37, had enacted statutes making abortion a crime even if it was performed before quickening." *Id.* at 2252–53. "Of the nine States that had not yet criminalized abortion at all stages, all but one did so by 1910." *Id.*

If the common law recognized any property rights in this area, it was the property rights of the unborn child. A child still in the womb could have a legal guardian and could receive an estate. *See* 1 Blackstone, at 125–26.[3] And nothing in the Supreme Court's Takings Clause jurisprudence provides support for the Satanic Temple's view. *Tyler*, 2023 WL 3632754, at *5. As *Dobbs* made clear, "[t]he Constitution makes no reference to abortion, and no such right is implicitly protected *by any constitutional provision*." 142 S. Ct. at 2242 (emphasis added). History, tradition, and precedent thus require dismissal of Plaintiff's Takings Clause claim.

### B. Pregnancy is not "involuntary servitude."

The Satanic Temple continues to press its claim that twenty-first century Idaho women who become pregnant after consensual sex stand in the same position as "antebellum slave women." Dkt. 30 at 22. This offensive comparison warps law and history. The Thirteenth Amendment "abolished slavery," *Civil Rights Cases*, 109 U.S. 3, 20 (1883) and comparable "forms of compulsory labor." *United States v. Kozminski*, 487 U.S. 931, 942 (1988) (citation omitted). It did not give twenty-first century women a right to abort their unborn children. This is so because the same

---

[3] Yale Law School, *The Avalon Project*, https://tinyurl.com/k67xs8ju.

states that ratified the Thirteenth Amendment almost uniformly banned abortion. *See Dobbs*, 142 S. Ct. at 2248–49. Women who conceive children through consensual sex do not suffer "the very essence of involuntary servitude outlawed by the Thirteenth Amendment." Dkt. 30 at 22. The Satanic Temple's argument proves too much. Under its view, any obligations for children that the law imposes on parents would constitute involuntary servitude. That is absurd.

### C. An exception for rape victims does not violate Equal Protection.

The Satanic Temple also maintains that Idaho unconstitutionally discriminates *in favor* of rape victims by burdening the supposedly fundamental right of consenting adults to engage in sexual activity. *See* Dkt. 30 at 24 (citing *Lawrence* and *Griswold*). But this is a category mistake. Nothing in Idaho law prohibits sex between consenting, non-relative adults; rather, the law prohibits aborting a child. And there is decidedly no fundamental right to do that. *Dobbs*, 142 S. Ct. at 2279.

### D. The Satanic Temple's state-law claims fail as uncontested.

Because the Satanic Temple mounts no defense of its state-law religious freedom claims on the merits, "the claims are abandoned and dismissal is appropriate." *Miller v. Ford Motor Co.*, 620 F. Supp. 3d 1045, 1066 (E.D. Cal. 2022).

#### CONCLUSION

This Court should dismiss the Complaint.

DATED: June 1, 2023.

        STATE OF IDAHO
        OFFICE OF THE ATTORNEY GENERAL

        By: */s/ Lincoln Davis Wilson*
            LINCOLN DAVIS WILSON
            Chief, Civil Litigation and
            Constitutional Defense
            TIMOTHY J. LONGFIELD
            Deputy Attorney General
            BRIAN V. CHURCH
            Deputy Attorney General

**CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that on June 1, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Jeremiah M. Hudson
Fisher Hudson Shallat
jeremiah@fisherhudson.com

W. James Mac Naughton
wjm@wimesq.com

                */s/ Lincoln Davis Wilson*
                LINCOLN DAVIS WILSON
                Chief, Civil Litigation and
                Constitutional Defense