UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE SATANIC TEMPLE,<br><br>  Plaintiff,<br><br>  v.<br><br>RAUL LABRADOR, in his capacity as the Attorney General of Idaho; JAN M. BENNETTS, in her capacity as Ada County Prosecutor; and THE STATE OF IDAHO,<br><br>  Defendants. | Case No. 1:22-cv-00411-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Before the Court is the Ninth Circuit's Affirmance and Remand with Instructions. Dkt. 58. The Court issues the following order confirming its prior holding dismissing The Satanic Temple's ("TST") Amended Complaint without leave to amend.

# II. BACKGROUND

After the United States Supreme Court's ruling in *Dobbs v. Jackson Women's Health*, 142 S. Ct. 2228, 2243 (2022), the State of Idaho enacted various statutes criminalizing abortion. TST challenged two of those statutes in this case. TST's causes of action were unique to say the least. It argued the Defendants' actions: (1) effected a regulatory taking of the economic value of a pregnant woman's womb in violation of the Fifth Amendment; (2) effectively made pregnant women slaves in violation of the

Thirteenth Amendment; (3) gave unconstitutional preferences to rape victims in violation of the Fourteenth Amendment; and (4) violated Idaho's religious freedom statutes. *See generally* Dkt. 15.

Defendants filed a Motion to Dismiss. Dkt. 23. After briefing and oral argument, the Court granted the motion. Dkt. 49 (the "Decision").

In its Decision, the Court held TST lacked standing for a variety of reasons. *Id*. at 8–17. Chief among those reasons was the Court's holding that TST could not identify any of its members who had actually been harmed by the statutes it was challenging. While TST put forth statistics arguing it was more likely than not that one or more of its members had suffered an injury—thus conferring standing—the Court disagreed. *Id*. at 11–12.

The Court held TST's failure to establish standing "alone warrant[ed] dismissal." *Id*. at 17. The Court cited favorably a similar TST case and that court's dismissal without leave to amend based solely on standing. *Id*. (*citing Satanic Temple, Inc. v. Rokita,* 2023 WL 7016211, at *11 (S.D. Ind. Oct. 25, 2023). The Court, however, proceeded to discuss the merits of TST's causes of actions to "provide additional support for dismissal." *Id*.

The Court then analyzed, and rejected, each of TST's claims based on their sheer improbability and lack of any legal support. *Id*. at 17–24. The Court found TST's claims "d[id] not have merit" and that "[i]ts arguments, while interesting, [were] convoluted and do not lead to the desired result." *Id*. at 25. The Court concluded that, "Because TST has already amended its complaint as a matter of right, the Court will not allow further amendment on any of the current claims as no amendment appears likely to save those specific claims." *Id*.

The Court entered judgment and closed the case. Dkt. 50. TST appealed. Dkt. 51.

After briefing and oral argument, the Ninth Circuit issued a decision affirming the Court is all material respects. Dkt. 58.[1]

The Ninth Circuit agreed with the Court and held, unequivocally, that TST did not have standing. *Satanic Temple v. Labrador*, 149 F.4th 1047, 1050 (9th Cir. 2025) ("The district court correctly found that TST lacks both associational and organizational standing to challenge Idaho's abortion laws."). Mirroring the Court's holding—and even quoting the Court at certain points—the Ninth Circuit reaffirmed that TST's reliance on statistics was insufficient to confer standing. *See generally id*. at 1050–53. That said, the Ninth Circuit questioned the Court's dismissal with prejudice. It concluded its decision thus:

> We agree with the district court that TST lacked standing. However, because the district court also rejected TST's claims on the merits, it dismissed the complaint with prejudice. Dismissal with prejudice "is improper unless it is 'clear' that 'the complaint could not be saved by any amendment.'" *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (internal citation omitted); *see also Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (noting dismissal for lack of jurisdiction should generally be without prejudice and altering dismissal for lack of standing to be without prejudice). We remand to the district court for its determination whether TST's complaint "clear[ly] . . . could not be saved by any amendment." *Harris v. Amgen*, 573 F.3d at 737. Of course, we take no position on this issue. We therefore affirm dismissal on standing grounds and remand with instructions.

*Id*. at 1054–55.

///

///

---

[1] The Ninth Circuit originally entered its opinion on August 11, 2025. Dkt. 57. Defendants filed a Motion to Amend with the Ninth Circuit asking the panel to change certain verbiage—not germane to today's decision—from the opinion. The Ninth Circuit obliged and entered an Amended Opinion on September 2, 2025. Dkt. 58. That is the operative decision as outlined by the Mandate. Dkt. 59.

MEMORANDUM DECISION AND ORDER – 3

### III. DISCUSSION

The Court understands its obligation at this point is to determine whether TST's complaint should be dismissed with prejudice or whether any amendment could save the claims. The problem is the Court already did just that. Nevertheless, the Court has reviewed its prior holding and concludes once again that no amendment could save TST's claims.

In its Decision, the Court held dismissal was appropriate because TST did not have standing. Dkt. 49, at 17. And the Court noted dismissal *without leave to amend* based just on standing was a viable option. *Id.*[2] Nevertheless, the Court went on to analyze each of TST's causes of action to underscore why dismissal without leave to amend was warranted, specifically holding that "no amendment appear[ed] likely to save" TST's claims. *Id*. at 25.

Thus, the Court finds itself in a somewhat procedurally awkward position. Having already found TST's claims could not be saved, the Ninth Circuit's request seems to be an unnecessary step. To be sure, the Court did not use the word "clear" in its declaration that "no amendment appear[ed] likely to save" TST's claims. But that was all but implied.

To begin, TST had already amended its compliant once as a matter of course. Second, the Court held TST did not have standing. But then third, even if someone did

---

[2] The Ninth Circuit has previously held a dismissal based on standing should typically allow for amendment. *See Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (dismissals for lack of subject matter jurisdiction should ordinarily be dismissed without prejudice); *Fleck & Assocs., Inc. v. City of Phoenix*, 471 F.3d 1100, 1102 (9th Cir. 2006) (dismissal for lack of standing is a dismissal for lack of subject matter jurisdiction). That said, the Ninth Circuit has also affirmed a dismissal without leave to amend for lack of standing when the plaintiffs—individually and as an association—based their harms on "a speculative chain of possibilities." *Int'l Partners for Ethical Care Inc v. Ferguson*, 146 F.4th 841, 847 (9th Cir. 2025). That was, in essence, the Ninth Circuit's holding in this case as well. The Ninth Circuit did not specifically hold whether the dismissal in this case *based on standing* should allow for amendment. To be sure, it implied the dismissal should be without prejudice unless the Court makes clear no amendment can save the claims—which the Court makes clear today.

**MEMORANDUM DECISION AND ORDER – 4**

have standing, the Court held the claims themselves were so flawed that each deserved dismissal. And the Court held no amendment could change that fact. However, to the extent such is necessary, the Court now makes the explicit finding that it is "clear [TST's complaint] could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).[3]

The Court's rational for this holding is outlined in its prior analysis. Dkt. 49, at 17–25. The Court found that TST's claims were "absurd" (*id*. at 21) and "outlandish" (*id*. at 20 n.13) and its framing of the issues "disingenuous" (*id*. at 20). The Court also noted it "struggle[d] with TST's argument[s]" (*id*. at 20) and that TST's explanations were "not legally sound" (*id.* at 17). After reviewing and analyzing each of TST's claims, the Court found none plausibly alleged a constitutional violation. Citing the constitution itself, statutes, caselaw, common law, and secondary sources, the Court outlined why pregnancy is not slavery, involuntary servitude, or anything of the kind, explained that TST's claims were meritless, and that no amendment or re-framing could alter that fact.[4]

The reason the Court took up the merits of TST's causes of action in the first place—after having already found TST lacked standing—was to explain why dismissal without leave to amend was the proper outcome. The Court sought to illustrate that, even assuming arguendo TST could find a plaintiff who legitimately had standing, the claims themselves

---

[3] The Court cited this case in the legal standard section of its Decision. Dkt. 49, at 5. It used the same language in its conclusion and explanation. *Id*. at 25. It is not clear to the Court whether the Ninth Circuit thought the Court misunderstood the relevant standard or thought the Court should have given a more robust analysis of the issues. Regardless, the caselaw was cited and a decision rendered based on that caselaw.

[4] The Court held TST could file another suit with a more religiously-focused free exercise claim if it so desired. Dkt. 49, at 24.

were not cognizable. No amendment could change the Court's holding because the Court's reasoning was based on the sheer unworkability of TST's arguments as applied to the constitutional context. TST's efforts to shoehorn its disagreements with Idaho's abortion statutes into constitutional claims rang of the classic phrase "trying to fit a square peg in a round hole." It simply does not work.

Because TST lacks standing *and* because the Court finds it clear TST's claims lack merit and could not be saved by any amendment, the Court dismisses this case with prejudice and without leave to amend.

## IV. ORDER

1. In accordance with the Court's prior Decision (Dkt. 49) and the Ninth Circuit's Remand with Instructions (Dkt. 58), the Court reiterates TST's Amended Complaint is dismissed with prejudice and without leave to amend.
2. This case remains closed.

DATED: November 10, 2025

David C. Nye
Chief U.S. District Court Judge